United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| TONY GASKINS,<br>Plaintiff,<br><br>v.<br><br>SUPERINTENDENT THOMAS DICKHAUT<br>and TREASURER AMY OWENS, as<br>employees of the Souza<br>Baranowski Correctional Center,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Case No.<br>11-cv-~~10072~~<br>10762 |

MEMORANDUM & ORDER

GORTON, J.

## I. Background

Plaintiff Tony Gaskins, a prisoner of the Massachusetts Department of Corrections ("DOC"), filed suit pursuant to 42 U.S.C. § 1983, alleging that Superintendent Thomas Dickhaut and Treasurer Amy Owens of the Souza Baranowski Correctional Center ("SBCC") violated his constitutional right of access to the courts. Specifically, the Complaint alleges that the SBCC refused to provide him postage for five legal envelopes and instead of mailing those envelopes, returned them to him. Plaintiff also challenges DOC regulations which provide that an inmate is not indigent, and therefore ineligible for free postage, if he has more than $10 in his prison account during a

-1-

sixty-day period. See 103 Code Mass. Regs. §§ 481.06, 481.10, 481.11 (2011). He contends that the regulations are draconian and unilaterally seeks to have the amount modified to $45. Plaintiff also seeks other injunctive and declaratory relief as well as punitive damages.

In the course of screening plaintiff's pro se Complaint, the Court pointed out that plaintiff's right-of-access claim did not include an allegation of actual harm and, accordingly, directed plaintiff to show cause in writing why the Complaint should not be summarily dismissed for failure to state a claim upon which relief can be granted. Plaintiff filed a timely response, clarifying that the SBCC's refusal to provide postage and to mail his letters interfered with the ongoing appeal of his conviction, whereupon the Court directed the defendants to file a pleading responsive to the Complaint. In due course, defendants filed the pending motion to dismiss.

## II. Motion to Dismiss

### A. Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Assessing

plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether the well-pled facts alleged in the complaint are sufficient to "permit the court to infer more than the mere possibility of misconduct." Iqbal, 129 S. Ct. at 1950. In considering the merits of a motion to dismiss, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Although courts are to construe liberally the allegations of pro se plaintiffs and review them under a more forgiving standard, courts must refrain from conjuring up unpled allegations to give life to a phantom cause of action. McDonald v. Hall, 610 F.2d 16, 19 (1st. Cir. 1979).

**B.  Application**

Inmates have a constitutional right of access to the courts, which includes the right of indigent inmates to free postage to mail certain legal documents. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977). To state a constitutional claim under Bounds, a plaintiff must 1) identify a policy or practice that denies inmates meaningful access to the courts and 2) allege that the specific policy or practice actually hindered him from pursuing a legal claim. Lewis, 518 U.S. at 350-51.

Plaintiff models his Bounds claim off of a successful

challenge to the indigency policy of the Arizona Department of Corrections. See Gluth v. Kangas, 951 F.2d 1504 (9th Cir. 1991). Under that policy, an inmate was not classified as indigent unless his prison account balance was less than $12 and his income from all sources during the previous 30-day period did not exceed $12. Id. at 1508. The certified class of inmates argued that the policy denied them meaningful access to the courts, alleging specifically that

> [n]on-indigent inmates without funds have cases that go unfiled or have been dismissed due to the high cost of postage, legal copies, and legal supplies.

Id. at 1509 n.2. Finding that the state's $12 indigency threshold failed to accommodate those inmates who have no money to purchase legal supplies when needed, the Ninth Circuit struck it down as inconsistent with the right of access articulated in Bounds. Id. at 1508-09.

The indigency policy challenged here provides that an inmate is not classified as indigent unless his prison account balance is less than or equal to $10 and his income from all sources during the previous 60-day period does not exceed $10. 103 CMR 481.06. It may well be that the regulation promulgating that policy unconstitutionally interferes with plaintiff's right of meaningful access to the courts.

That issue is not properly before this Court, however, because the Complaint does not contain allegations that the

policy prevented the plaintiff from pursuing a legal claim. Although plaintiff indicated in a footnote of his show-cause response that the policy prevented him from securing the assistance of counsel to represent him in connection with his motion for a new trial in a state criminal case, the Federal Rules of Civil Procedure do not permit the non-moving party "to make statements in a brief and then incorporate by reference those statements into the prior complaint under attack." George v. Nat'l Water Main Cleaning Co., No. 10-10289-NMG, 2011 WL 841226, at *14 (D. Mass. Mar. 7, 2011). Because no allegation of actual injury was made in the Complaint, it fails to state an actionable constitutional claim for relief.

Also problematic is plaintiff's imprecise framing of the right at issue. It is unclear from the Complaint, show-cause response and memorandum in opposition to the motion to dismiss whether plaintiff is claiming only that the Massachusetts regulation promulgating the indigency threshold interferes with his constitutional right of access to the courts, or whether he is also alleging that employees of the SBCC categorically refused to send inmate mail addressed to attorneys, even when postage was included.

### ORDER

In light of the foregoing pleading deficiencies,

1) defendant's motion to dismiss (Docket No. 14) is **ALLOWED**;

2) the Complaint (Docket No. 1) is **DISMISSED** without prejudice; and

3) plaintiff is granted leave to file an amended complaint on or before August 24, 2012, in order to permit him to clarify the nature of his claim and include an allegation of actual injury, if any.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 26, 2012